UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br><br>     Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY HOUSING AUTHORITY; JACQUELINE HAYNES; *and* JOURDAN NEAL-GRANT,<br><br>     Defendants. | **MEMORANDUM AND ORDER**<br>23-CV-3646 (NRM) (MMH) |

**NINA R. MORRISON**, United States District Judge:

By Order dated July 31, 2023, this action was dismissed upon stipulation of the parties. Before the Court are Plaintiff's July 27, 2025 and October 24, 2025 motions to reopen the case and attendant requests for emergency relief. As set forth below, the requests to reopen this case are DENIED.

## BACKGROUND

On May 8, 2023, Plaintiff, who holds a Section 8 housing voucher, commenced this action by complaint and order to show cause in the United States District Court for the Southern District of New York. Compl., ECF No. 1; Order to Show Cause, ECF No. 3. The Complaint asserted that the New York City Housing Authority ("NYCHA") failed to grant Plaintiff's request for a reasonable accommodation in the form of a voucher for an increased apartment size that would allow him to use necessary medical devices, and breached a contract to issue subsidy payments on his

1

behalf for his private apartment at 217 Boerum Street in Brooklyn, New York. *See* Compl. at 11–19.[1]

On May 16, 2023, the action was transferred to this Court. ECF No. 6. To address Plaintiff's request for emergency relief, *see* Order to Show Cause, an initial conference was held before Magistrate Judge Marcia M. Henry at which the Court learned that "the basis for pro se Plaintiff's request for a temporary restraining order has been resolved because NYCHA approved Plaintiff's application for benefits." Minute Entry dated May 26, 2023. In particular, NYCHA granted Plaintiff a reasonable accommodation in the form of a voucher for a two-bedroom apartment. *See* Reasonable Accommodation Approval, Ex. B to Def. Decl. in Support of Mot. to Dismiss, ECF No. 17-2. NYCHA moved to dismiss, arguing, *inter alia,* that Plaintiff's reasonable accommodation had been approved and that, to the extent that Plaintiff contested his tenant rent share, his rent was pro-rated as required by federal guidelines based on his immigration status. *See generally* Mem. in Support of Mot. to Dismiss, ECF No. 18. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the action was dismissed by stipulation of the parties shortly thereafter. Stip. of Dismissal, ECF No. 22; Docket Order dated July 31, 2023.

Two years later, on July 27, 2025, Plaintiff filed his first motion to reopen. First Mot. to Reopen, ECF No. 23. In his motion, Plaintiff alleged that he had requested his housing voucher be transferred (or "ported") to Los Angeles, California,

---

[1] Pincites refer to the page numbers generated by the Electronic Case Filing System ("ECF").

2

where he was then living, but that NYCHA had instead "abruptly closed" his Section 8 case in a retaliatory manner and without due process. *Id*. at 2–3.[2] Plaintiff sought a preliminary injunction compelling Defendant to reinstate the voucher and port it to Los Angeles, where he stated he was homeless and sleeping in his car. *Id*. at 2, 4; *see also* Emergency Decl. dated July 28, 2025, ECF No. 24.

Before resolving the motion, the Court ordered Defendant to file a preliminary written response concerning the status of Plaintiff's Section 8 housing voucher port request. Order dated Aug. 1, 2025. By letter, supported by exhibits, NYCHA advised the Court that Plaintiff had been evicted from his apartment in New York on February 24, 2025. Letter dated Aug. 8, 2025 at 2–3, ECF No. 25. Subsequently, NYCHA provided Plaintiff with a transfer voucher that would allow him to port his voucher to a new apartment within New York City. *Id*. at 3. However, when Plaintiff asked NYCHA to cancel that voucher so that he could request a portability voucher to another location, a NYCHA staff member erroneously informed Plaintiff that his case had been closed. *Id*. Plaintiff's case was not closed, and after Plaintiff filed his motion to reopen, the parties began working to resolve the portability request. *Id*.

---

[2] According to the Housing Choice Voucher Portability page of the United States Department of Housing and Urban Development, "portability" in the Section 8 housing voucher program "refers to the process through which the family can transfer or 'port' their rental subsidy when they move to a location outside the jurisdiction of the public housing agency (PHA) that first gave them the voucher when they were selected for the program." *Housing Choice Vouchers (HCV) Portability*, U.S. Dep't of Housing & Urban Dev., available at https://www.hud.gov/helping-americans/housing-choice-vouchers-portability (last visited Jan. 8, 2026).

3

In light of NYCHA's ongoing efforts to resolve Plaintiff's voucher issues, the Court ordered a further status report. Order dated Aug. 11, 2025. By letter dated August 22, 2025, NYCHA reported that it had issued Plaintiff a portability voucher for Los Angeles on August 21, 2025. Letter dated Aug. 22, 2025, ECF No. 27.

By letter dated August 1, 2025, but filed on August 27, 2025, Plaintiff confirmed that the requested portability voucher had been issued. Letter filed Aug. 27, 2025 at 1, ECF No. 29. However, Plaintiff stated, he was unable to find housing in Los Angeles and had requested the receiving agency, the Housing Authority of the City of Los Angeles ("HACLA") transfer his voucher to San Diego, California, where he had "backup housing options." *Id*. at 2. According to Plaintiff, HACLA informed him that "they could not process the transfer because the voucher had not actually been finalized in their system," and that "since the voucher still legally belonged to NYCHA, they returned it to NYCHA for further processing." *Id*. NYCHA, however, redirected Plaintiff back to HACLA, leaving Plaintiff in "administrative limbo." *Id*.

The Court ordered NYCHA to respond to Plaintiff's letter. Order dated Aug. 29, 2025. Before the time ordered for NYCHA's response, Plaintiff further moved for another second preliminary injunction (incorrectly captioned as a motion for a more definite statement) alleging that he remained homeless and living in his car, and that "[i]n the midst of Plaintiff's Section 8 transfer process, NYCHA abruptly and without justification cancelled Plaintiff's reasonable accommodation." Mot. dated Sep. 4, 2025, ECF No. 30 at 1–2. Plaintiff later submitted a declaration stating that he had been informed by a NYCHA representative that his reasonable accommodation was

4

cancelled. Decl. dated Aug. 1, 2025, *attached to* Mem. of L. in Opp'n to Mot. to Dismiss ("Pl. Reply"), ECF No. 35. He also requested that the Court order NYCHA to issue him an emergency housing or hotel voucher. Mot. dated Sep. 4, 2025 at 2–3.

On September 5, 2025, NYCHA timely opposed Plaintiff's first motion to reopen. Mem. in Opp'n, ECF No. 32. The next day, Plaintiff advised the Court that he had secured temporary hotel accommodations through a San Diego human services agency and requested that the Court immediately order NYCHA to assume the costs of the hotel. *See* Letter dated Sep. 6, 2025, ECF No. 33. Three days later, in connection with his reply to NYCHA's opposition to Plaintiff's motion to reopen, Plaintiff sought a third preliminary injunction, requesting the Court order NYCHA to reinstate his reasonable accommodation and transmit a portability voucher to "the receiving [public housing agency] identified by Plaintiff." Pl. Reply at 4–5.

In response to Plaintiff's filings, the Court ordered NYCHA to report on the status of Plaintiff's housing voucher, including his reasonable accommodation request. Order dated Oct. 23, 2025.

The following day, Plaintiff filed a second motion to reopen the case. Second Mot. to Reopen, ECF No. 38 (Oct. 24, 2025). In his second motion, Plaintiff alleged that NYCHA had issued the portability voucher to San Diego without converting it from an Emergency Housing Voucher ("EHV") to a traditional Section 8 Housing Choice Voucher ("HCV"). *Id.* at 4. Therefore, Plaintiff alleged, the voucher would expire with the scheduled closure of the EHV program in March 2026. *Id.* Plaintiff alleged that the San Diego Housing Commission ("SDHC") had "confirmed that the

5

voucher received from NYCHA is not eligible for renewal, and that it cannot convert an EHV to a traditional voucher." *Id.* As a result, Plaintiff claimed, he faced imminent homelessness. *Id.* Plaintiff also alleged that the portability voucher failed to include his reasonable accommodation. *Id.* In connection with his second motion to reopen, Plaintiff sought a fourth preliminary injunction, this time requesting that the Court order NYCHA to convert his voucher to an HCV voucher with his reasonable accommodations and then reissue the portability voucher. *Id.* at 6.

By status letter filed on November 3, 2025 with supporting exhibits, NYCHA explained that Plaintiff had originally received his voucher through the EHV program, an emergency program administered by the Department of Housing and Urban Development ("HUD") which is scheduled to expire on December 31, 2026. Letter dated Nov. 3, 2025 at 1–2, ECF No. 39.[3] Although not every public housing agency ("PHA") participates in the EHV program, NYCHA explained that pursuant to HUD regulations, "SDHC cannot refuse to assist an incoming EHV [recipient], regardless of whether it does or does not administer EHVs," and that if SDHC does not administer EHVs, it can "either absorb Plaintiff into its regular HCV Program or bill NYCHA" for the cost of Plaintiff's voucher. *Id.* at 2. NYCHA relied on HUD guidance that states that like HCVs, EHVs are portable, and a receiving PHA "cannot refuse to assist an incoming EHV family, regardless of whether the PHA does or does

---

[3] According to the Emergency Housing Vouchers page of the United States Department of Housing and Urban Development, the EHV program "provided 70,000 housing choice vouchers to local PHAs." *Emergency Housing Vouchers*, available at https://www.hud.gov/helping-americans/housing-choice-vouchers-emergency (last visited Jan. 8, 2026).

6

not currently administer EHVs." HUD Notice No. PIH 2021-15 at 36, ECF No. 39-5. If the receiving PHA administers EHVs, it must either absorb the family with an EHV or bill the initial PHA for the voucher. If the receiving PHA does not administer EHVs, "the receiving PHA may absorb the family into its regular HCV program or may bill the initial PHA." *Id.* at 36–37. Furthermore, NYCHA represented that its staff had "verified with the portability specialist at SDHC that the fact that Plaintiff currently has an EHV should not impact his ability to utilize the voucher in San Diego, and the portability specialist confirmed that SDHC is administering all port-ins, including EHVs." Letter dated Nov. 3, 2025 at 2.

Finally, NYCHA noted that Plaintiff's 2023 accommodation remains in effect. *Id.* at 2; *see also* Portability Voucher, ECF No. 39-3 (voucher for two-bedroom apartment); Reasonable Accommodation Approval (granting Plaintiff a voucher for a two-bedroom apartment). To the extent that Plaintiff contests his tenant rent share, NYCHA argued, Plaintiff's immigration status renders him eligible only for a pro-rated voucher. Letter dated Nov. 3, 2025 at 2–3.

## **STANDARD OF REVIEW**

Rule 60(b) allows a plaintiff to obtain relief from a "final judgment, order, or proceeding" under certain enumerated circumstances. Fed. R. Civ. P. 60(b). As relevant here, a Rule 41(a) voluntary dismissal is a final judgment from which a party may seek Rule 60(b) relief. *See Walker v. Dep't of Veterans Affs.*, No. 94-CV-5591 (MBM), 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995). However, the "standard for granting a [Rule 60(b)] motion to reconsider is strict." *Pierre v. Yurchenko*, No. 22-

7

CV-1171 (NRM) (LB), 2025 WL 1761387, at *2 (E.D.N.Y. June 9, 2025). "Rule 60(b) provides for relief from judgment on any of several grounds specified in five numbered subparts, and under a sixth, catch-all provision allowing for relief for 'any other reason.'" *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (internal citation omitted) (quoting Fed. R. Civ. P. 60(b)(6)). As the Second Circuit has stated, "a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances or extreme hardship." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (citation modified); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (requiring "extraordinary circumstances"); *Empresa Cubana Del Tabaco*, 385 F. App'x at 31 ("Rule 60(b)(6) is properly invoked only when extraordinary circumstances justify relief or when the judgment may work an extreme and undue hardship." (citation modified)).

## DISCUSSION

NYCHA has responded only to Plaintiff's first motion to reopen, arguing that it should be denied because Plaintiff has failed to satisfy the high bar for a motion to reopen and his new motion is unrelated to the underlying case. *See* Mem. in Opp'n at 9–11, ECF No. 32. In support of the motion to reopen, Plaintiff argues that NYCHA's post-2023 conduct constitutes the sort of extraordinary, post-stipulation events that satisfy Rule 60(b)(6). Pl. Reply at 3. Ultimately, for the reasons explained below, the Court finds that both of Plaintiff's motions must be denied. This is because his first motion is entirely moot, and his second motion, which is moot in part, does not meet the high bar to reopen a case.

8

In his first motion, Plaintiff sought the issuance of a portability voucher to Los Angeles, which both parties agree was issued on August 21, 2025. *See* First Mot. to Reopen at 3–4; Letter filed Aug. 27, 2025 (acknowledging receipt of portability voucher). Thus, the first motion is entirely moot as Plaintiff has already obtained all of the relief he sought.

In his second motion, Plaintiff sought the conversion of his voucher into a standard HCV for use in San Diego and the reissuance of a portability voucher with his reasonable accommodation. *See* Second Mot. to Reopen at 6–7. Plaintiff currently has a portability voucher which includes his reasonable accommodation of a two-bedroom apartment. *See* Portability Voucher. Thus, to the extent Plaintiff seeks issuance of a portability voucher with his accommodation, his second motion to reopen is moot.

Finally, Plaintiff's request for his voucher to be converted to a traditional HCV does not meet the high bar of Fed. R. Civ. P. 60(b)(6). In light of the HUD guidance that an EHV may be ported to another PHA and either converted or billed to the issuing agency, *see* HUD Notice No. PIH 2021-15 at 36–37, Plaintiff has not shown that his current portability voucher is not usable. Plaintiff's request to reopen the case so that he can obtain an order directing that NYCHA, rather than SDHC, convert his voucher does not constitute an extraordinary circumstance under Fed. R. Civ. P. 60(b)(6). Thus, Plaintiff's second motion to reopen is denied.

Since the case is closed, the Court may not consider Plaintiff's requests for emergency relief.

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

      */s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: January 9, 2026
      Brooklyn, NY